ORIGINAL

FILED

09 DEC -9 PM 1: 46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1 | Steve Neimand
Attorney at Law
2 | Bar No. 77563
24009 Ventura Boulevard
3 | Suite 245
Calabasas, Calif. 91302
4 | (818) 222-0533
neimandlaw@sbcglobal.net
5 |
Attorney for Defendant
6 | Law Offices of Robert B. Serian

7

8

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*ViA FAX*

| | |
|---|---|
| HEATHER ROWELL, | NO. 09 CV 1770 JM (RBB) |
| Plaintiff, | ANSWER OF LAW OFFICES OF ROBERT B. SERIAN |
| v. | |
| LAW OFFICES OF ROBERT B. SERIAN, | Jury Trial Demanded |
| Defendants. | |

Defendant LAW OFFICES OF ROBERT B. SERIAN answers the complaint on file herein as follows:

INTRODUCTION

1. In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*. are self explanatory. Except as

1

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO COMPLAINT                              Case No. 09 CV 1770 JM (RBB)

1  herein admitted, the remaining allegations of Paragraph 1 are

2  denied.

3      2. In answering Paragraph 3 of the Complaint, defendant is

4  without sufficient knowledge or information to form a belief as

5  to the truth of the allegations contained in said paragraph, and

6  on that basis denies each and every allegation contained therein.

7      3. In answering Paragraph 3 of the Complaint, Defendant

8  admits that Plaintiff brought this lawsuit against the Law

9  Offices of Robert B. Serian. Except as herein admitted, the

10  remaining allegations of Paragraph 3 are denied.

11      4. In answering Paragraph 4 of the Complaint, defendant is

12  without sufficient knowledge or information to form a belief as

13  to the truth of the allegations contained in said paragraph, and

14  on that basis denies each and every allegation contained therein.

15      5. In answering Paragraph 5 of the Complaint, to the extent

16  that said paragraph alleges there were violations, defendant

17  denies said allegations. With respect to the remaining

18  allegations in Paragraph 5 of the complaint, defendant is

19  without sufficient knowledge or information to form a belief as

20  to the truth of the allegations contained in said paragraph, and

21  on that basis denies each and every allegation contained therein.

22      6. In answering Paragraph 6 of the Complaint, Defendant

23  admits that Plaintiff makes certain allegations, but denies the

24  truth of said allegations. Except as herein admitted, the

25

26                               2

27  ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
    ANSWER TO COMPLAINT               Case No. 09 CV 1770 JM (RBB)

28

1 | remaining allegations of Paragraph 6 are denied.

2

3 | JURISDICTION AND VENUE

4 | 7. In answering Paragraph 7 of the Complaint, defendant is
5 | without sufficient knowledge or information to form a belief as
6 | to the truth of the allegations contained in said paragraph, and
7 | on that basis denies each and every allegation contained therein.

8 | 8. In answering Paragraph 8, defendant denies that it
9 | violated the Fair Debt Collection Practices Act, 15 U.S.C. §§
10 | 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection
11 | Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

12 | 9. In answering Paragraph 9, defendant admits that it does
13 | business within the State of California. Except as herein
14 | admitted, defendant is without sufficient knowledge or
15 | information to form a belief as to the truth of the allegations
16 | contained in said paragraph, and on that basis denies each and
17 | every allegation contained therein.

18 | 10. In answering Paragraph 10 of the Complaint, defendant is
19 | without sufficient knowledge or information to form a belief as
20 | to the truth of the allegations contained in said paragraph, and
21 | on that basis denies each and every allegation contained therein.

22

23 | THE PARTIES

24 | 11. In answering Paragraph 11, defendant admits that

25

26 | 3

27 | ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO COMPLAINT                          Case No. 09 CV 1770 JM (RBB)
28

1 plaintiff is a natural person. Except as herein admitted,

2 defendant is without sufficient knowledge or information to form

3 a belief as to the truth of the allegations contained in said

4 paragraph, and on that basis denies each and every allegation

5 contained therein.

6     12. Defendant admits the allegations contained in Paragraph

7 12.

8     13. In answering Paragraph 13, defendant lacks sufficient

9 knowledge to form a belief as to whether Plaintiff's financial

10 obligation was incurred primarily for personal, family or

11 household purposes and therefore can neither admit nor deny

12 whether Plaintiff qualifies as a "consumer" as defined by 15

13 U.S.C. § 1692a(3) or as a "debtor" as defined by Cal. Civ. Code §

14 1788.2(h) and on that basis, denies the allegations. Except as

15 herein admitted, the remaining allegations of Paragraph 3 are

16 denied.

17     14. Defendant admits the allegations contained in Paragraph

18 14.

19     15. In answering Paragraph 15, defendant admits that

20 plaintiff is a natural person. Except as herein admitted,

21 defendant lacks sufficient knowledge to form a belief as to

22 whether Plaintiff's financial obligation was incurred primarily

23 for personal, family or household purposes and therefore can

24 neither admit nor deny whether Plaintiff qualifies as a

25

26                        4

27 ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
   ANSWER TO COMPLAINT                      Case No. 09 CV 1770 JM (RBB)

28

"consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as defined by Cal. Civ. Code § 1788.2(h) and on that basis, denies the allegations. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant admits the allegations contained in Paragraph 17.

FACTUAL ALLEGATIONS

18. In answering Paragraph 18 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Defendant admits the allegations contained in Paragraph 19.

20. In answering Paragraph 20 of the Complaint, the allegations are vague and ambiguous and defendant is  without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In answering Paragraph 21 of the Complaint, defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for

5

1  personal, family or household purposes and therefore can neither

2  admit nor deny whether it qualifies as a "debt" as defined by 15

3  U.S.C. § 1692a(5) or as a "consumer debt" as defined by Cal. Civ.

4  Code § 1788.2(f).

5      22. In answering Paragraph 22 of the Complaint, defendant

6  lacks sufficient knowledge to form a belief as to whether

7  Plaintiff's financial obligation was incurred primarily for

8  personal, family or household purposes and therefore can neither

9  admit nor deny whether it qualifies as a "debt" as defined by 15

10 U.S.C. § 1692a(5) or as a "consumer debt" as defined by Cal. Civ.

11 Code § 1788.2(f).

12     23. In answering Paragraph 23 of the Complaint, the

13 allegations are vague and ambiguous and defendant is without

14 sufficient knowledge or information to form a belief as to the

15 truth of the allegations contained in said paragraph, and on that

16 basis denies each and every allegation contained therein.

17     24. In answering Paragraph 24 of the Complaint, Defendant

18 admits that it was assigned to collect a specific debt allegedly

19 owed by plaintiff. Except as herein admitted, the remaining

20 allegations of Paragraph 24 are denied.

21     25. In answering Paragraph 25 of the Complaint, Defendant

22 admits that it contacted Plaintiff in an attempt to collect a

23 specific financial obligation at issue within one year preceding

24 the filing of the Complaint. Except as herein admitted, the

25

26                                    6

27 ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
   ANSWER TO COMPLAINT                          Case No. 09 CV 1770 JM (RBB)
28

1 | remaining allegations of Paragraph 25 are denied.

2 |     26. In answering Paragraph 26 of the Complaint, Defendant

3 | admits that it contacted Plaintiff in an attempt to collect the

4 | financial obligation at issue. Except as herein admitted, the

5 | remaining allegations of Paragraph 26 are denied.

6 |     27. In answering Paragraph 27 of the Complaint, Defendant

7 | admits that it contacted Plaintiff in an attempt to collect the

8 | financial obligation at issue. Except as herein admitted, the

9 | remaining allegations of Paragraph 27 are denied.

10 |     28. Defendant denies the allegations contained in Paragraph

11 | 28.

12 |     29. In answering Paragraph 29 of the Complaint, Defendant

13 | admits that it contacted Plaintiff on several occasions in an

14 | attempt to collect the financial obligation at issue. Except as

15 | herein admitted, the remaining allegations of Paragraph 29 are

16 | denied.

17 |     30. Defendant denies the allegations contained in Paragraph

18 | 30.

19 |     31. Defendant denies the allegations contained in Paragraph

20 | 31.

21 |     32. Defendant denies the allegations contained in Paragraph

22 | 32.

23 |     33. Defendant denies the allegations contained in Paragraph

24 | 33.

25

26 |         7

27 | ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO COMPLAINT             Case No. 09 CV 1770 JM (RBB)

28

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. In answering Paragraph 37 of the Complaint, Defendant denies that it spoke with an administrative assistant by posing as a patient. As to the remaining allegations in said Paragraph, defendant lacks sufficient knowledge to form a belief as to the matters alleged and therefore can neither admit nor deny.

38. Defendant denies the allegations contained in Paragraph 38.

39. In answering Paragraph 39 of the Complaint, Defendant denies that it made incessant phone calls to Plaintiff's place of employment. As to the remaining allegations in said Paragraph, defendant lacks sufficient knowledge to form a belief as to the matters alleged and therefore can neither admit nor deny.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

8

1    43. Defendant denies the allegations contained in Paragraph

2  43.

3    44. Defendant denies the allegations contained in Paragraph

4  44.

5    45. Defendant denies the allegations contained in Paragraph

6  45.

7    46. Defendant denies the allegations contained in Paragraph

8  46.

9    47. Defendant admits the allegations contained in Paragraph

10  47.

11    48.  In answering Paragraph 48 of the Complaint, Defendant

12  admits that it requested a dismissal of the state action. Except

13  as herein admitted, the remaining allegations of Paragraph 48 are

14  denied.

15

16                              COUNT I

17    49. Answering Paragraph 49 of the Complaint, defendant

18  incorporates herein by reference, as if set forth in full,

19  defendant's answers to Paragraphs 1 through 48, inclusive as set

20  forth above.

21    50. Defendant denies the allegations contained in Paragraph

22  50.

23    51. Defendant denies the allegations contained in Paragraph

24  51.

25

26                              9

27  ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
    ANSWER TO COMPLAINT                    Case No. 09 CV 1770 JM (RBB)

28

COUNT II

52. Answering Paragraph 52 of the Complaint, defendant incorporates herein by reference, as if set forth in full, their answers to Paragraphs 1 through 51, inclusive as set forth above.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional

10

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO COMPLAINT                                    Case No. 09 CV 1770 JM (RBB)

1 | and resulted from a bona fide error notwithstanding the

2 | maintenance by Defendant of procedures reasonably adapted to

3 | avoid any such error.

4 |

5 | **FOURTH AFFIRMATIVE DEFENSE**

6 | **(Unclean Hands)**

7 | The allegations in the Complaint and relief requested are on

8 | information and belief barred in whole or in part by the doctrine

9 | of unclean hands.

10 |

11 | **FIFTH AFFIRMATIVE DEFENSE**

12 | **(No Wilful Conduct)**

13 | Defendant acted in good faith at all times in its dealings

14 | with Plaintiff, and if any conduct by Defendant is found to be

15 | unlawful, which Defendant expressly denies, such conduct was not

16 | willful and should not give rise to liability.

17 |

18 | **SIXTH AFFIRMATIVE DEFENSE**

19 | **(Failure to Mitigate)**

20 | Plaintiff, although under a legal obligation to do so, has

21 | failed to take reasonable steps to mitigate any alleged damages

22 | that she may have and is therefore barred from recovering

23 | damages, if any, from Defendant.

24 |

25 |

26 | 11

27 | ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
   | ANSWER TO COMPLAINT                          Case No. 09 CV 1770 JM (RBB)

28 |

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

**(Waiver)**

3    Plaintiff has waived her rights, if any, to recover the

4  relief she seeks in the Complaint based upon her own conduct and

5  admissions with respect to the financial obligation at issue.

6

7

**EIGHTH AFFIRMATIVE DEFENSE**

8

**(Good Faith)**

9    Defendant has, at all material times with respect to

10  Plaintiff, acted in good faith in an effort to comply fully with

11  all relevant federal and state laws.

12

13

**NINTH AFFIRMATIVE DEFENSE**

14

**(Apportionment)**

15    Without admitting that any damages exist, if damages were

16  suffered by Plaintiff as alleged in the Complaint, those damages

17  were proximately caused by and contributed by persons other than

18  Defendant. The liability, if any exists, of Defendant and/or any

19  responsible parties, named or unnamed, should be apportioned

20  according to their relative degrees of fault, and the liability

21  of Defendant should be reduced accordingly.

22

23

24

25

12

26

27  ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
    ANSWER TO COMPLAINT                    Case No. 09 CV 1770 JM (RBB)

28

## TENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege and/or the *Noerr-Pennington Doctrine*.

13

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO COMPLAINT                          Case No. 09 CV 1770 JM (RBB)

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not a Debt Collector)

Defendant, a law firm, is not a "debt collector" as defined by the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiffs' proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

14

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO COMPLAINT                           Case No. 09 CV 1770 JM (RBB)

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.


Dated: December 7, 2009

_____
STEVE NEIMAND
Attorney for Defendant

15

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO COMPLAINT                                   Case No. 09 CV 1770 JM (RBB)

1

CERTIFICATION    [FRCP Rule 11(b)]

2       I hereby certify that this Answer:

3       1. Is not being presented for an improper purpose, such as
to harass or cause unnecessary delay or needless increase in the
4  cost of litigation;

5       2. Is warranted by existing law or by non-frivolous argument
for extension or modification or reversal of existing law; and

6
       3. Has evidentiary support for all factual contentions or
7  denials.

8  Dated: December 7, 2009

9

10

_____
STEVE WEIMAND
11                                              Attorney for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    16

27  ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
   ANSWER TO COMPLAINT                        Case No. 09 CV 1770 JM (RBB)
28

PROOF OF SERVICE

I, the undersigned say: I am over the age of 18 years and not a party to the within action or proceeding. My business address is 4766 Park Granada, Suite 212, Calabasas, California.

On December 7, 2009, I served the within:

ANSWER

on the persons indicated below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Calabasas, California, addressed as follows:

Tiffany G. Jensen, Esq.
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South
Suite 301
San Diego, CA 92108-3551

and by faxing a copy to: (619) 297-1022

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Calabasas, Calfironia in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2009 at Calabasas, California.

_____
KERRY ROSE

17

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO COMPLAINT                                    Case No. 09 CV 1770 JM (RBB)