Alisa C. Admiral, Esq. (SBN: 265251)
alisa@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff
Heather Rowell



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Heather Rowell, | Case No. 09 CV 1770 JM (RBB) |
|---|---|
| Plaintiff, | **Second Amended Complaint For Damages** |
| v. | |
| Law Offices of Robert B. Serian, "Mr. Harris," Jason "Doe," and LVNV Funding, LLC, | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. Heather Rowell, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Law Offices of Robert B. Serian, "Mr. Harris," Jason "Doe," and LVNV Funding, LLC, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA") and various torts.

7. Because Defendants do business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Santa Ysabel, County of San Diego, State of California.

10. Defendant Law Offices of Robert B. Serian (Serian) is located in the City of Valencia, the County of Los Angeles, and the State of California.

11. Defendants "Mr. Harris" and Jason "Doe" are located in the state of California. The full legal names of these defendants are unknown to Plaintiff. Plaintiff only knows them as "Mr. Harris" and "Jason."

12. Defendant LVNV Funding, LLC ("LVNV") is located in the state of South Carolina.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

19. At all times relevant, Defendants conducted business within the State of California.

20. Sometime before December 26, 2007, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before December 26, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before December 26, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant LVNV for collection.

25. Subsequently, but before December 26, 2007, Defendant LVNV hired Defendant Serian, a law firm, to collect the debt on behalf of Defendant LVNV, or the alleged debt was assigned, placed, or otherwise transferred, to Defendant LVNV for collection.

26. Defendant LVNV is vicariously liable for the illegal actions of Defendant Serian while Defendant Serian was engaged in collecting Plaintiff's alleged debt for Defendant LVNV.

27. On or about December 26, 2007, Defendant Serian telephoned Plaintiff and demanded payment of the alleged debt.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. Subsequently, Plaintiff sent Defendant Serian a letter requesting that Defendant Serian cease all telephone contact with Plaintiff. In this letter Plaintiff specifically stated: "Do not call me at home, at work, at my parent's home, or on my cell phone." Plaintiff sent this letter via certified mail, return receipt requested, which was received by Defendant Serian's representative, "M. Anderson."

31. Defendant Serian continued its attempts to collect the alleged debt by telephone despite Plaintiff's letter demanding that Defendant Serian cease telephone contact with Plaintiff.

32. From approximately December 26, 2007, to August 25, 2008, Defendant Serian contacted Plaintiff by telephone in excess of one hundred twenty (120) times. Many of the calls were made by Defendant Serian's representatives, "Mr. Harris," and "Jason."

33. Plaintiff became very frightened of Defendant Serian's illegal tactics as Defendant Serian's representatives, on numerous occasions, threatened to send people to Plaintiff's home because it "knew where she lived, and knew people who could remind her of the importance of paying her bills."

34. One of Defendant Serian's telephone calls was placed to Plaintiff's cellular telephone at 2:00 AM.

35. On or about July 24, 2008, Defendant Serian began contacting Plaintiff at her place of employment, despite her instruction that Defendant Serian cease such contact.

36. Defendant Serian also placed several telephone calls and voicemails to Plaintiff's cellular phone and place of employment without any meaningful disclosure as to the company name used by Defendant Serian or that Defendant Serian was a debt collector.

37. During one of Defendant Serian's telephone calls to Plaintiff, a representative of Defendant Serian threatened to speak with her employer to "make things

hard" for her. Defendant Serian's representative also threatened to ruin Plaintiff's credit by negatively reporting the alleged debt because "employers do credit checks now."

38. On or about July 28, 2008, Defendant Serian contacted Plaintiff by telephone at her place of employment, and informed her that it knew her employers, and had "no problems making [her] check disappear and then [she] would have a pretty hard time."

39. Defendant Serian continued to contact Plaintiff at her place of employment, eventually speaking with an administrative assistant by posing as a patient with a complaint. Once transferred to Plaintiff's supervisor, one of Defendant Serian's representatives discussed Plaintiff's alleged debt with Plaintiff's supervisor. Plaintiff's supervisors were informed of the incident(s) and Plaintiff was reprimanded. Plaintiff was also warned that there were be consequences if Defendant Serian's harassment interfered with her employment.

40. Defendant Serian frequently filled Plaintiff's voicemail box at her place of employment, requiring her to listen to Defendant Serian's abusive and harassing telephone messages.

41. Defendant Serian's incessant telephone calls to Plaintiff's place of employment caused Plaintiff's supervisors to inform Defendant Serian that Plaintiff was not permitted to receive personal calls at work, and demanded that Defendant Serian cease such telephone calls.

42. On August 4, 2008, Defendant Serian contacted Plaintiff by telephone five (5) times.

43. One of Defendant Serian's telephone calls to Plaintiff was picked up by Plaintiff's minor daughter. Although Plaintiff's daughter informed Defendant Serian's representative, "Mr. Harris," that she was not Plaintiff, "Mr. Harris" insisted that she was, and stated, "I am calling to see if you plan on taking

care of the lawsuit we served on you today before we start garnishing your wages." Plaintiff's daughter informed Mr. Harris that she did not know who Defendant was. Defendant replied, "This is Mr. Harris, and you won't forget me."

44. Defendant Serian contacted Plaintiff by telephone forty-three (43) times between July 24, 2008, and August 25, 2008, despite Plaintiff's demands that Defendant Serian cease contact by telephone pursuant to her December 26, 2007 letter.

45. On several occasions during Defendant Serian's telephone calls to Plaintiff, Defendant Serian's representatives, "Mr. Harris," and/or "Jason," informed Plaintiff that he would "see to it that [she] lose sleep over this," and that he would call "anytime of the day and [she] couldn't prove it [because] the call was blocked." Defendant Serian's representative reiterated the threat to send people to Plaintiff's home to "make sure [her] bosses know that [she is] not worth having there [because she] doesn't pay her bills."

46. On or about mid-August 2008, Defendant Serian contacted Plaintiff's mother in an attempt to collect the alleged debt, thereby disclosing the alleged debt. Plaintiff's mother is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b).

47. On or about August 25, 2008, Defendant Serian, on behalf of Defendant LVNV, filed a lawsuit against Plaintiff in the Superior Court of California, County of San Diego, Case No. 37-2008-00057836-CL-CL-NC.

48. Due to Plaintiff's defense of the state action, Defendant Serian requested a dismissal on behalf of its client, Defendant LVNV, which the court granted on June 24, 2009.

49. Through this conduct, Defendants 1) violated 15 U.S.C. § 1692c(c), by continuing to contact Plaintiff after being notified in writing to cease and desist such contact; 2) violated 15 U.S.C. §§ 1692e and 1692e(10) by making

false, deceptive, or misleading representations or means in connection with the collection of the alleged debt; 3) violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff at a time known to be inconvenient to the consumer without appropriate consent; 4) violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt; 5) violated 15 U.S.C. § 1692d(1) by threatening use violence or other criminal means to harm the physical person, reputation, or property of a person; 6) violated 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(b) by leaving a message for Plaintiff without meaningful disclosure; 7) violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; and 8) violated 15 U.S.C. § 1692c(b) by communicating information related to Plaintiff's alleged debt to a third party without consent.

50. Because this conduct violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

51. The above described conduct caused Plaintiff actual damages, including but not limited to, fear of being in her home, a negative impact on her job and personal relationships, anxiety, embarrassment around friends and family and other physical and emotional symptoms.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

52. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

53. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

54. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

## CAL. CIV. CODE §§ 1788-1788.32

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

57. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT III

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
59. Defendants acted negligently.
60. Plaintiff suffered severe emotional distress.
61. The conduct of Defendants was a substantial factor in causing Plaintiff this severe emotional distress.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
63. The conduct of Defendants was outrageous.
64. Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress while knowing that Plaintiff was present when the conduct occurred.
65. Plaintiff suffered severe emotional distress.
66. The conduct of Defendants was a substantial factor in causing Plaintiff this severe emotional distress.

## COUNT V

### INVASION OF PRIVACY

### INTRUSION INTO PRIVATE AFFAIRS

67. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
68. Plaintiff had a reasonable expectation of privacy while some of the above conduct took place.
69. Defendants intentionally intruded into this expectation of privacy.
70. Defendants intrusion would be highly offensive to a reasonable person.

71. Plaintiff was harmed.
72. The conduct of Defendants was a substantial factor in causing Plaintiff this harm.

## COUNT VI

### NEGLIGENCE

73. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
74. The actions and omissions of Defendants were negligent.
75. Plaintiff was harmed, and suffered injury as described above.
76. The negligence of Defendants was a substantial factor in causing Plaintiff this harm and injury.

## COUNT VII

### TORT IN SE

77. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
78. Defendants violated a statutory duty to another and, consequently, is liable under the doctrine of Tort-In-Se.

//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Special, general, compensatory, and punitive damages.

79. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: February 18, 2010

**HYDE & SWIGART**

By: s/Alisa C. Admiral
Alisa C. Admiral
Attorneys for Plaintiff
Email: alisa@westcoastlitigation.com