Steve Neimand
Attorney at Law
Bar No. 77563
24009 Ventura Boulevard
Suite 245
Calabasas, Calif. 91302
(818) 222-0533
neimandlaw@sbcglobal.net

Attorney for Defendant
Law Offices of Robert B. Serian

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HEATHER ROWELL,                          NO. 09 CV 1770 JM (RBB)

                    Plaintiff,           ANSWER OF LAW OFFICES
                                         OF ROBERT B. SERIAN TO
              v.                         SECOND AMENDED COMPLAINT

LAW OFFICES OF ROBERT B. SERIAN,         Jury Trial Demanded

                    Defendants.
_____/

     Defendant LAW OFFICES OF ROBERT B. SERIAN answers the

complaint on file herein as follows:

                          INTRODUCTION

     1. In answering Paragraph 1 of the Complaint, Defendant

admits that Plaintiff brought this lawsuit against the Law

Offices of Robert B. Serian. Except as herein admitted, the

1

remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3. In answering Paragraph 3 of the Complaint, to the extent that said paragraph alleges there were violations, defendant denies said allegations. With respect to the remaining allegations in Paragraph 3 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff makes certain allegations, but denies the truth of said allegations. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

JURISDICTION AND VENUE

5. In answering Paragraph 5 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In answering Paragraph 6, defendant denies that it violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

2

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT

Case No. 09 CV 1770 JM (RBB)

1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection
Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

7. In answering Paragraph 7, defendant admits that it does
business within the State of California. Except as herein
admitted, defendant is  without sufficient knowledge or
information to form a belief as to the truth of the allegations
contained in said paragraph, and on that basis denies each and
every allegation contained therein.

8. In answering Paragraph 8 of the Complaint, defendant is
without sufficient knowledge or information to form a belief as
to the truth of the allegations contained in said paragraph, and
on that basis denies each and every allegation contained therein.

## THE PARTIES

9. In answering Paragraph 9, defendant admits that
plaintiff is a natural person. Except as herein admitted,
defendant is without sufficient knowledge or information to form
a belief as to the truth of the allegations contained in said
paragraph, and on that basis denies each and every allegation
contained therein.

10. Defendant admits the allegations contained in Paragraph
10.

11. In answering Paragraph 11 of the Complaint, defendant is
without sufficient knowledge or information to form a belief as

3

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT                    Case No. 09 CV 1770 JM (RBB)

1  to the truth of the allegations contained in said paragraph, and
2  on that basis denies each and every allegation contained therein.

3      12. In answering Paragraph 12 of the complaint, defendant is
4  informed and believes said allegations are true and based on said
5  information and belief admits said allegations.

6      13. In answering Paragraph 13, defendant lacks sufficient
7  knowledge to form a belief as to whether Plaintiff's financial
8  obligation was incurred primarily for personal, family or
9  household purposes and therefore can neither admit nor deny
10 whether Plaintiff qualifies as a "consumer" as defined by 15
11 U.S.C. § 1692a(3) or as a "debtor" as defined by Cal. Civ. Code §
12 1788.2(h) and on that basis, denies the allegations. Except as
13 herein admitted, the remaining allegations of Paragraph 3 are
14 denied.

15     14. Defendant admits the allegations contained in Paragraph
16 14.

17     15. In answering Paragraph 15, defendant admits that
18 plaintiff is a natural person. Except as herein admitted,
19 defendant lacks sufficient knowledge to form a belief as to
20 whether Plaintiff's financial obligation was incurred primarily
21 for personal, family or household purposes and therefore can
22 neither admit nor deny whether Plaintiff qualifies as a
23 "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as
24 defined by Cal. Civ. Code § 1788.2(h) and on that basis, denies

25

26                                    4

27 ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
   ANSWER TO SECOND AMENDED COMPLAINT          Case No. 09 CV 1770 JM (RBB)
28

1  the allegations. Except as herein admitted, the remaining

2  allegations of Paragraph 3 are denied.

3      16. Defendant denies the allegations contained in Paragraph

4  16.

5      17. Defendant admits the allegations contained in Paragraph

6  17.

7

8                          FACTUAL ALLEGATIONS

9      18. In answering Paragraph 18 of the Complaint, defendant is

10 without sufficient knowledge or information to form a belief as

11 to the truth of the allegations contained in said paragraph, and

12 on that basis denies each and every allegation contained therein.

13     19. Defendant admits the allegations contained in Paragraph

14 19.

15     20. In answering Paragraph 20 of the Complaint, the

16 allegations are vague and ambiguous and defendant is  without

17 sufficient knowledge or information to form a belief as to the

18 truth of the allegations contained in said paragraph, and on that

19 basis denies each and every allegation contained therein.

20     21. In answering Paragraph 21 of the Complaint, defendant

21 lacks sufficient knowledge to form a belief as to whether

22 Plaintiff's financial obligation was incurred primarily for

23 personal, family or household purposes and therefore can neither

24 admit nor deny whether it qualifies as a "debt" as defined by 15

25

26                                    5

27 ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
   ANSWER TO SECOND AMENDED COMPLAINT            Case No. 09 CV 1770 JM (RBB)

28

U.S.C. § 1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

22. In answering Paragraph 22 of the Complaint, defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

23. In answering Paragraph 23 of the Complaint, the allegations are vague and ambiguous and defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. In answering Paragraph 24 of the Complaint, Defendant admits that it was assigned to collect a specific debt allegedly owed by plaintiff. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. Defendant admits the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. In answering Paragraph 27 of the Complaint, Defendant admits that it contacted Plaintiff in an attempt to collect a

6

specific financial obligation at issue within one year preceding the filing of the Complaint. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28. In answering Paragraph 28 of the Complaint, Defendant admits that it contacted Plaintiff in an attempt to collect the financial obligation at issue. Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

27. In answering Paragraph 27 of the Complaint, Defendant admits that it contacted Plaintiff in an attempt to collect the financial obligation at issue. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28. Defendant denies the allegations contained in Paragraph 28.

29. In answering Paragraph 29 of the Complaint, Defendant admits that it contacted Plaintiff on several occasions in an attempt to collect the financial obligation at issue. Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30. Defendant denies the allegations contained in Paragraph 30.

31. In answering Paragraph 31 of the Complaint, Defendant admits that it contacted Plaintiff on several occasions in an attempt to collect the financial obligation at issue. Except as herein admitted, the remaining allegations of Paragraph 31 are

7

denied.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. In answering Paragraph 39 of the Complaint, Defendant denies that it spoke with an administrative assistant by posing as a patient. As to the remaining allegations in said Paragraph, defendant lacks sufficient knowledge to form a belief as to the matters alleged and therefore can neither admit nor deny.

40. Defendant denies the allegations contained in Paragraph 40.

41. In answering Paragraph 41 of the Complaint, Defendant denies that it made incessant phone calls to Plaintiff's place of

8

employment. As to the remaining allegations in said Paragraph, defendant lacks sufficient knowledge to form a belief as to the matters alleged and therefore can neither admit nor deny.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant admits the allegations contained in Paragraph 47.

48. In answering Paragraph 48 of the Complaint, Defendant admits that it requested a dismissal of the state action. Except as herein admitted, the remaining allegations of Paragraph 48 are denied.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph

9

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT                    Case No. 09 CV 1770 JM (RBB)

44.

COUNT I

52. Answering Paragraph 52 of the Complaint, defendant incorporates herein by reference, as if set forth in full, defendant's answers to Paragraphs 1 through 51, inclusive as set forth above.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

COUNT II

55. Answering Paragraph 55 of the Complaint, defendant incorporates herein by reference, as if set forth in full, their answers to Paragraphs 1 through 54, inclusive as set forth above.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

COUNT III

58. Answering Paragraph 58 of the Complaint, defendant incorporates herein by reference, as if set forth in full, their answers to Paragraphs 1 through 57, inclusive as set forth above.

10

1    59. Defendant denies the allegations contained in Paragraph
2  59.
3    60. Defendant denies the allegations contained in Paragraph
4  60.
5    61. Defendant denies the allegations contained in Paragraph
6  61.
7
8                          COUNT IV
9    62. Answering Paragraph 62 of the Complaint, defendant
10 incorporates herein by reference, as if set forth in full, their
11 answers to Paragraphs 1 through 61, inclusive as set forth above.
12   63. Defendant denies the allegations contained in Paragraph
13 63.
14   64. Defendant denies the allegations contained in Paragraph
15 64.
16   65. Defendant denies the allegations contained in Paragraph
17 65.
18   66. Defendant denies the allegations contained in Paragraph
19 66.
20
21                          COUNT V
22   67. Answering Paragraph 67 of the Complaint, defendant
23 incorporates herein by reference, as if set forth in full, their
24 answers to Paragraphs 1 through 66, inclusive as set forth above.
25
26                            11
27 ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
   ANSWER TO SECOND AMENDED COMPLAINT          Case No. 09 CV 1770 JM (RBB)
28

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

COUNT VI

73. Answering Paragraph 73 of the Complaint, defendant incorporates herein by reference, as if set forth in full, their answers to Paragraphs 1 through 72, inclusive as set forth above.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

COUNT VII

77. Answering Paragraph 77 of the Complaint, defendant

12

incorporates herein by reference, as if set forth in full, their answers to Paragraphs 1 through 76, inclusive as set forth above.

78. Defendant denies the allegations contained in Paragraph 78.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

13

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT                Case No. 09 CV 1770 JM (RBB)

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and

14

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT                    Case No. 09 CV 1770 JM (RBB)

1  admissions with respect to the financial obligation at issue.

2

3  **EIGHTH AFFIRMATIVE DEFENSE**

4  **(Good Faith)**

5  Defendant has, at all material times with respect to

6  Plaintiff, acted in good faith in an effort to comply fully with

7  all relevant federal and state laws.

8

9  **NINTH AFFIRMATIVE DEFENSE**

10  **(Apportionment)**

11  Without admitting that any damages exist, if damages were

12  suffered by Plaintiff as alleged in the Complaint, those damages

13  were proximately caused by and contributed by persons other than

14  Defendant. The liability, if any exists, of Defendant and/or any

15  responsible parties, named or unnamed, should be apportioned

16  according to their relative degrees of fault, and the liability

17  of Defendant should be reduced accordingly.

18

19  **TENTH AFFIRMATIVE DEFENSE**

20  **(Supervening Cause)**

21  The causes of action in the Complaint are barred, in whole

22  or in part, to the extent that any injury or loss sustained was

23  caused by intervening or supervening events over which Defendant

24  had or has no control.

25

26  15

27  ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
   ANSWER TO SECOND AMENDED COMPLAINT                Case No. 09 CV 1770 JM (RBB)

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege and/or the *Noerr-Pennington Doctrine*.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not a Debt Collector)

Defendant, a law firm, is not a "debt collector" as defined by the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

16

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT

Case No. 09 CV 1770 JM (RBB)

1

2

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

3       Defendant's conduct is protected under the First Amendment

4 of the United States Constitution and the California

5 Constitution. Plaintiffs' proposed interpretation of provisions

6 of the FDCPA must be rejected as it would place an unreasonable

7 restraint upon Defendant's First Amendment rights, thereby

8 raising serious constitutional issues.

9

10

## FIFTEENTH AFFIRMATIVE DEFENSE

11

### (No Punitive Damages)

12       Any award of punitive damages as sought by plaintiff would

13 violate the due process and excessive fine clauses of the Fifth,

14 Eighth and Fourteenth Amendments of the United States

15 Constitution, as well as the Constitution of the State of

16 California.

17

18

## SIXTEENTH AFFIRMATIVE DEFENSE

19

### (Minimal Intrusion)

20       The alleged intrusion into plaintiff's privacy was minimal.

21

22

## SEVENTEENTH AFFIRMATIVE DEFENSE

23

### (No Authorization or Ratification)

24       The defendant did not authorize, direct or ratify the

25

26                                    17

27 ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT                    Case No. 09 CV 1770 JM (RBB)

28

1  alleged acts of the other defendants.

2

3                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

4                      **(No Nexus, Injury Not Forseeable)**

5      No nexus exists between the employment or other relationship

6  between this answering defendant, any other defendant, and the

7  activity which resulted in the alleged injury that was not

8  forseeable.

9

10                    **NINETEENTH AFFIRMATIVE DEFENSE**

11                       **(Outside Course and Scope)**

12     The other defendants were not acting within the scope of an

13  employment or other relationship with this answering defendant

14  for respondeant superior purposes.

15

16                    **TWENTIETH AFFIRMATIVE DEFENSE**

17                        **(No Ratification)**

18     Defendant is not responsible for punitive damages because it

19  neither directed nor ratified the acts of any other defendant.

20

21

22                        **JURY DEMAND**

23     Pursuant to Rule 38 of the Federal Rules of Civil Procedure,

24  Plaintiff hereby requests a jury trial.

25

26                                18

27  ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
    ANSWER TO SECOND AMENDED COMPLAINT              Case No. 09 CV 1770 JM (RBB)
28

1    WHEREFORE, Defendant requests judgment as follows:

2    1. That Plaintiff take nothing by the Complaint, which

3 should be dismissed with prejudice.

4    2. That Defendant recover from Plaintiff costs according to

5 proof.

6    3. That Defendant recover attorneys' fees according to

7 proof.

8    4. That the Court orders such other further reasonable

9 relief as the Court may deem just and proper.

10

11 Dated: April 17, 2010

12

13                            STEVE NEIMAND
                                Attorney for Defendant

19

1                     CERTIFICATION   [FRCP Rule 11(b)]

2      I hereby certify that this Answer:

3      1. Is not being presented for an improper purpose, such as
to harass or cause unnecessary delay or needless increase in the

4   cost of litigation;

5      2. Is warranted by existing law or by non-frivolous argument
for extension or modification or reversal of existing law; and

6

7      3. Has evidentiary support for all factual contentions or
denials.

8   Dated: April 17, 2010

9

10

11   STEVE NEIMAND
Attorney for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                            20

27   ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT

28                                      Case No. 09 CV 1770 JM (RBB)

PROOF OF SERVICE

I, the undersigned say: I am over the age of 18 years and not a party to the within action or proceeding.  My business address is 24009 Ventura Boulevard, Suite 245, Calabasas, California.

On April 17, 2010, I served the within:

ANSWER TO SECOND AMENDED COMPLAINT

on the persons indicated below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Calabasas, California, addressed as follows:

Alison C. Admiral, Esq.
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South
Suite 301
San Diego, CA 92108-3551

and by faxing a copy to: (619) 297-1022

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Calabasas, Calfironia in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 17, 2010 at Calabasas, California.

_Kerry Rose_

KERRY ROSE

21

ROWELL V. LAW OFFICES OF ROBERT B. SERIAN
ANSWER TO SECOND AMENDED COMPLAINT

Case No. 09 CV 1770 JM (RBB)