Abraham J. Colman (SBN 146933)
acolman@reedsmith.com
B. Ben Mohandesi (SBN 214921)
bmohandesi@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:    213 457 8000
Facsimile:    213 457 8080

Attorneys for Defendant
LVNV Funding, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER ROWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAW OFFICES OF ROBERT B. SERIAN, "MR. HARRIS," JASON "DOE," and LVNV FUNDING, LLC,<br><br>　　　　　Defendants. | Case No.: 09 CV 1770 JM (RBB)<br><br>**DEFENDANT LVNV FUNDING, LLC'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Honorable Jeffrey T. Miller |

Defendant LVNV Funding, LLC ("Defendant"), for itself and for no other party, hereby answers Plaintiff Heather Rowell's ("Plaintiff") Complaint, responding to the correspondingly numbered paragraphs thereof as follows:

## INTRODUCTION

1. Defendant denies that it engaged in any unlawful or abusive collections activities or that its conduct caused any damages to Plaintiff.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

3. To the extent this paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

4. Defendant denies the allegations.

## JURISDICTION AND VENUE

5. Defendant states that this paragraph contains legal conclusions to which no response is required.

6. Defendant states that this paragraph contains legal conclusions to which no response is required.

7. Defendant states that this paragraph contains legal conclusions to which no response is required. Moreover, the allegation in this paragraph is unintelligible as to "do business;" therefore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

8. Defendant states that this paragraph contains legal conclusions to which no response is required.

## PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

10. Based on information and belief, Defendant admits that co-defendant Serian is located in Valencia, California.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

12. Defendant denies that its principal place of business is in South Carolina.

13. Defendant states that this paragraph contains legal conclusions to which no response is required. Notwithstanding, Defendant admits that Plaintiff incurred a financial obligation to pay a debt.

14. Defendant states that this paragraph contains legal conclusions to which no response is required.

15. Defendant states that this paragraph contains legal conclusions to which no response is required.

16. Defendant states that this paragraph contains legal conclusions to which no response is required.

17. Defendant states that this paragraph contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

18. Defendant states that this paragraph contains legal conclusions to which no response is required.

19. The allegation in this paragraph is unintelligible as to "conducted business;" therefore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

20. The allegation in this paragraph is unintelligibly vague as to "certain financial obligations;" therefore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

21. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

22. Defendant states that this paragraph contains legal conclusions to which no response

is required. To the extent a response is required, Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

23. The allegation in this paragraph is unintelligibly vague as to "alleged debt;" therefore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

24. The allegation in this paragraph is unintelligibly vague as to "alleged debt;" therefore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

25. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

26. Defendant states that this paragraph contains legal conclusions to which no response is required. Notwithstanding, and to the extent a response is required, Defendant denies that it is vicariously liable for the alleged illegal actions of Serian.

27. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

28. Defendant states that this paragraph contains legal conclusions to which no response is required.

29. Defendant states that this paragraph contains legal conclusions to which no response is required.

30. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

31. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

32. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

33. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

34. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

35. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

36. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

37. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

38. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

39. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

40. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

41. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

42. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

43. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

44. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

45. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

46. The allegations in this paragraph are not directed at Defendant and thus no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

47. Defendant admits that, according to Court records, the referenced lawsuit was filed on or about August 25, 2008.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

49. Defendant states that this paragraph contains legal conclusions to which no response is required. Notwithstanding, and to the extent a response is required, Defendant denies that it violated any law.

50. Defendant states that this paragraph contains legal conclusions to which no response is required. Notwithstanding, and to the extent a response is required, Defendant denies that it violated any law.

51. Defendant denies the allegations.

52. Defendant incorporates its prior responses to each paragraph above.

53. Defendant admits that Count I of the Complaint alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. 1692 *et seq.* Defendant denies violating the FDCPA.

54. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to any damages or relief from Defendant.

55. Defendant incorporates its prior responses to each paragraph above.

56. Defendant admits that Count II of the Complaint alleges a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), codified at Cal. Civ. Code § 1788 *et seq.* ("RFDCPA"). Defendant denies violating the RFDCPA.

57. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to any damages or relief from Defendant.

58. Defendant incorporates its prior responses to each paragraph above.

59. Defendant denies the allegation.

60. Defendant denies the allegation.

61. Defendant denies the allegations.

62. Defendant incorporates its prior responses to each paragraph above.

63. Defendant denies the allegation.

64. Defendant denies the allegations.

65. Defendant denies the allegation.

66. Defendant denies the allegation.

67. Defendant incorporates its prior responses to each paragraph above.

68. Defendant states that this paragraph contains legal conclusions to which no response is required. Notwithstanding, and to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies these allegations.

69. Defendant denies the allegation.

70. Defendant denies the allegation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff fails to allege sufficient facts to state any claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2. Plaintiff's claims are barred by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

3. Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Innocent Mistake/Bona Fide Error)

5. Any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, are the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### SIXTH AFFIRMATIVE DEFENSE
### (Remedial Measures)

6. Any alleged acts or omissions of Defendants giving rise to Plaintiff's claims, if any, were corrected upon discovery. *See* Cal. Civ. Code Section 1788.30(d).

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

7. Plaintiff has waived any and all claims, rights and demands made by them in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Contribution)

8. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Malice)

9. Defendant specifically denies that it acted with any willfulness, oppression, fraud or

malice towards Plaintiff or others.

## TENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

10. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Fault of Others)

11. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Intervening Acts)

12. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Several Liability)

13. Should Plaintiff prevail against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Choice of Law)

14. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with federal choice of law rules.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

15. Plaintiff's demand for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

16. Defendant reserves its right to compel arbitration.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Set-Off)

17. Defendant is entitled to a set-off based on any valid debt owed by Plaintiff.

18. Defendant has insufficient knowledge or information as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. That the Complaint be dismissed with prejudice;
3. For its costs of suit herein;
4. For attorneys' fees according to proof; and
5. For such other and further relief as this Court may deem just and proper.

DATED: July 8, 2010                REED SMITH LLP

                                By     s/ B. Ben Mohandesi
                                   B. Ben Mohandesi
                                   Attorneys for Defendants
                                   LVNV Funding, LLC
                                   bmohandesi@reedsmith.com

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On July 8, 2010, I served the following document(s) by the method indicated below: ***DEFENDANT LVNV FUNDING, LLC'S ANSWER TO SECOND AMENDED COMPLAINT***

☒ BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.casd.uscourts.gov

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 8, 2010, at Los Angeles, California.

*Griselda Munoz* (signature)
Griselda Munoz

## SERVICE LIST
*Rowell v. Law Offices of Robert B. Serian, et al.*
Case No. 09-CV-1770 JM (RBB)

| | |
|---|---|
| Alisa C. Admiral<br>Joshua B. Swigart, Esq.<br>Hyde & Swigart<br>411 Camino Del Rio South, Suite 301<br>San Diego, CA  92108-3551<br>T: 619-233-7770<br>F: 619-297-1022<br>alisa@westcoastlitigation.com<br>josh@westcoastligitation.com | Attorneys for Plaintiff<br>*Heather Rowell* |
| Steve Neimand<br>Neimand Law<br>24009 Ventura Blvd., Suite 245<br>Calabasas, CA  91302<br>T: 818-222-0533<br>F: 818-591-1682<br>neimandlaw@sbcglobal.net | Attorneys for Defendant<br>*Law Offices of Robert B. Serian* |

US_ACTIVE-104088701.1